Per Curiam.

The proof in this case shows a conversion by all the defendants. They were all personally bound by the *567 charter-party. Though the Collins’ describe themselves as agents, yet they stipulated personally, and are therefore personally bound for the performance of their contract. The defendants all claimed a right to detain the goods, as subject to the chartei-party, and they all united in the refusal to deliver them up. The property was as much under the control of the merchants as the master, and they are responsible with him for the act of withholding it, if that would not be justifiable on his part. The action, therefore, is not misconceived in point of form, and if well founded in other respects, may be maintained against all the defendants jointly.
If this were not so, there would be no ground of nonsuit in this branch of the defence. In suits ex delicto, the joinder of too many defendants is never objectionable, where the defect is not apparent orí the record. One may be acquitted and another found guilty; for a failure of proof against one, does not show that the cause of action, established in evidence, is different from that comprised in the declaration. [Com. Dig. vol. 1. 78.]
If the decision of the cause depended upon a particular examination of the second ground of defence assumed by the counsel for the defendants,we should be inclined to say, that under the charter-party, no lien attached upon the turpentine, even if it were considered as the property of Robinson and Candler. The freight, as such, did not become due until the termination of the voyage at New-York, except so much as might be actually wanted for the expenses of the ship in London; and the lien, in any event, could not exist, exception a due proportion of the freight. The outward cargo could not be bound for the whole amount of the charter money, for it was to be delivered long before the entire sum became due.
But without examining more particularly the questions raised on the argument, as to the lien of the owners of the vessel on the goods put on board under the charty-party, or when such right of lien commenced, we think that the evidence shows that the turpentine in question was never put on board under the charter-party at all. The sale and delivery by the plaintiff were clearly conditional, and the property was not to vest in Robertson and Candler until the condition was complied with. The *568 delivery was to Blood, and it is evident that he did not act in the purchase as the agent of Robinson and Candler, but as the agent of. Faber. The goods were not put on board as the property of Robinson and Candler; Blood took a receipt for them in his own name. The whole sale, by the plaintiff to Blood, and by him to Robinson and Candler, depended on the performance of the condition stipulated for by the latter as to the bills of lading, and on the payment of the money by Blood.
The sale and delivery being thus conditional, it is well settled, that the property never passed out of the plaintiff unless the condition was performed. [13 J. R. 434. 6 J. C. R. 437.] It is immaterial therefore, to consider what may have been the rights of the defendants, to retain property put on board by Robinson and Candler, under the charter-party. It is quite clear, that they had no such right as against the plaintiff, who never intended that his property should go on board the ship at all, unless he received payment for it.
On the supposition that by the delivery, the property vested in Blood, without payment for it, it is very clear, that it did not pass from Blood to Robinson and Candler. The sale as to them, was strickly conditional, and whatever interest may have vested in Blood, was restored to the plaintiff, by the agreement to rescind the whole contract of sale.

Judgment for the plaintiff.

[D. P. Hall, Att'y for the plff, G. Clark, Att’y for the defts.]