Oakley, J.
The point raised at the trial, on the ground of a *578 mistake in the Christian name of one of the plaintiffs, was abandoned on the argument. The cases clearly show, that such a mistake can be taken advantage of, only by a plea in abatement. [1 Chit. Plead. 460. 2 Brod. & Bing. 34.]
The principal question involved in the cause is, whether the plaintiffs have shown property in themselves, so as to be enabled to maintain the action of trover.
It is quite clear, that the property in the turpentine, was not vested in Robertson and Candler. The proof is explicit, that it was not to become theirs, except on the condition that they furnished,bills of lading to the plaintiffs, “ freight free,” and in the meantime the possession was to remain with Blood. This condition not having been performed, nothing passed to them by the delivery of the articles on board of the ship. The delivery, in fact, was not to them, even nominally. The receipts taken in the name of Blood, preserved the possession in him, and the owners of the vessel were bound to account to him, according to the tenor of those receipts. Blood still retained the control of the property. [Craven v. Ryder, 6 Taun. 433.]
The property having passed out of Mitchell & Bleecker, the former owners, vestéd either in the plaintiffs, or in Blood. Now it is clearly proved that Blood acted as the agent of the plaintiffs, who advanced the money for the purchase. It is, I presume, well settled, that when a purchase is made by an agent, the property vests, by the act of purchase in the principal, and this, even when the agent does not disclose his agency; and in such a case, the principal may always maintain an action in his own name. [Wallis v. Murray, decided in this court.] The possession of Blood was, therefore, the possession of the plaintiffs—the receipts taken by him, on the delivery of the turpentine on board, will enure to their benefit; and if Blood, under the circumstances, could maintain the action of trover, I can see no reason why the plaintiffs cannot.
The other questions involved in this cause were considered in the previous case of Van Buskirk v. these defendants. The property here, as in that case, was never intended to be put on board the ship as the property of Robertson and Candler, or *579 under the charter-party. We then held, that a conditional delivery of the property on board did not vest it in Robertson and Candler, or subject it to any lien of the ship’s owners. The principle of that case, seems to me, to apply fully to the present.

Judgment for the plaintiffs.

[D. P. Hall, Att'y for the plff. G. Clark, Att'y for the defts.]