Ames *v.* Palmer.

---

DAVID G. AMES *versus* LEMUEL R. PALMER *& al.*

A common carrier has a lien upon the goods transported by him, and the right to retain the possession of them until his reasonable charges are paid.

An action of trover will not lie without proof of property, and of the right of immediate possession, in the plaintiff.

The right of a common carrier to retain possession of goods transported by him in order to enforce the payment of his charges, does not deprive the general owner of the right of immediate possession as against a wrongdoer.

Both in England and in this country the lien of a factor is a personal privilege which is not transferable; no question upon it can arise except between the principal and the factor; and the law is the same in reference to the rights of the common carrier. The same principle has been adopted in this State in relation to a statute lien.

EXCEPTIONS from *Nisi Prius,* MAY, J., presiding.

This was an action of TROVER for a cask and twenty gallons of rum, taken from on board a vessel. Plea, general issue and a justification.

The defendants, to justify the taking, offered a complaint made by said Palmer, defendant, and others, and a warrant and judgment of Woodbury Davis, a justice of the peace, which were objected to.

Defendants contended that plaintiff was bound to show that the freight on the property from Boston, due to the owners of schooner Comet, which brought it, had been paid, and the lien on it discharged.

Plaintiff asked the Court to instruct the jury that "where goods are wrongfully taken from a bailee, that it is not necessary, in order for the owner to maintain trover for their value against the wrongdoer, that said owner should tender or pay to the bailee any freight for which said bailee might have a lien on the goods; nor could such wrongdoer set up any such lien except under the express authority of such bailee.

"2d. That no proof of ownership being made, the burden of proof would be on him, who asserted the existence of any unsatisfied lien, to prove it affirmatively."

The Court instructed the jury that it was incumbent upon the plaintiff to satisfy them by proof that the plaintiff had both the property, and the right of immediate possession; and that, if they were satisfied from the evidence in the case, that the carrier had a lien for the freight, which had not been paid or waived, then the action could not be maintained.

The jury found for the defendants; and, being inquired of, stated, that they found for defendants on ground that the freight had not been paid, and the claim of the carrier had not been waived.

To the foregoing rulings the plaintiff excepted.

*White & Palmer*, for plaintiff.

1. It is not disputed that, in order to maintain the action of trover, the general rule is, that the plaintiff must have the right of immediate possession at the time of the conversion. But it does not follow that every wrongdoer may set up in

excuse for his wrong, any personal right or privilege, or lien, which a carrier or bailee might have a right to enforce against the general owner, and to avail himself thereof, to defeat the action, without pretence of authority from such carrier or bailee.

A lien in favor of a carrier or bailee, for freight or advancement of expenses, is a personal right or privilege in his behalf, founded in the policy of trade, and is so considered and treated by all the foreign and American writers. Abbot on Shipping, 6 Amer. Ed. c. 2, part 4th, page 363, and notes; Angell on Carriers, c. 9, § 359.

The term signifies a claim annexed or attaching to chattels, without satisfying which, such property cannot be demanded even by its owner.

2. The *possession* of the person asserting such lien must be a *lawful* one. One may not seize the goods even of his debtor, and claim to retain them by virtue of his debt. 2 East, 235; 2 Moor, 730; 8 Price, 567.

3. This lien, or privilege, or personal right, may be waived or lost in various ways; as by permitting the goods to go out of his possession either actually or by construction.

If defendants had paid the freight, having the goods wrongfully in possession, they could not, by reason of such payment, have detained them against the rightful owner; and a tender of freight and charges would not have been necessary previous to bringing an action for their value, against the wrongdoer. *Lempiere* v. *Parley*, 2 Tr. Rep., 485.

4. Actual possession is not necessary to maintain trover. Conversion of the *property* being the gist of the action. *Hunt* v. *Houghton*, 13 Pick. 216; *Foster* v. *Gorton*, 5 Pick. 185.

When a person has delivered goods to a carrier, and the carrier has wrongfully parted with the possession of them to a *stranger*, the owner may maintain trover for the conversion against the stranger; for the owner has still the possession *in law* against the wrongdoer, and the carrier is considered merely as his servant. *Duel* v. *Moxon*, 1 Taunton, 391;

*Gordon* v̇. *Harper*, 1 Tr. Rep. 12; 2 Saunders, 47, and note 2; *Bloxam* v. *Saunders*, 4 Barn. & Cres. 941.

" When goods by the tort of a third person are taken from a bailee or commission merchant, the owner has a right to immediate possession of them. And a lien for the merchant's expenses cannot be set up except by himself or by his express authority." Per Judge WOODBURY : " Because such lien is a mere *personal right,* and constitutes no bar to the *possession* of the property, unless set up by the authority of the party holding such lien." *Jones* v. *Sinclair,* 2 N. H. 319 ; cites 7 East, 7 ; 5 Dur. & East, 605. This case is directly in point.

5. The taking being unlawful, and against the express forbidding of the owner, no demand is necessary.

*Abbott,* for defendants.

MAY, J.—In this case the jury were instructed that it was incumbent on the plaintiff to satisfy them, by proof, that he had a right of property in the goods sued for, and the right of immediate possession ; and that, if they were satisfied from the evidence in the case, that the carrier had a lien for the freight, which had not been paid or waived, then the action could not be maintained. Upon the rendition of the verdict, the jury being inquired of by the Court, stated that they found for the defendants, upon the ground that the freight had not been paid and the claim of the carrier had not been waived.

That a common carrier has a lien upon the goods transported by him, and a right to retain the possession, as against the general owner, until his reasonable charges are paid; and that the plaintiff, in an action of trover, cannot recover without proof of property in himself, and the right of immediate possession, is not questioned by the learned counsel in defence. Such is the law.

It is, however, contended that the right to retain possession of the goods transported, which, by the common law, attaches to a common carrier, to enforce the payment of his charges, is of such a nature that it does not deprive the general owner

Ames *v.* Palmer.

of the right to immediate possession, as against a wrongdoer; and constitutes no bar to the possession of the property, unless set up by the authority of the party holding such lien. Upon examination of the authorities we are of opinion that these positions are well maintained.

It has been repeatedly decided, both in England and in this country, that the lien of a factor is a personal privilege which is not transferable, and that no question upon it can arise except between the principal and factor. *Daubigny & als.* v. *Duval & al.*, 5 D. & E. 604; *McCombie* v. *Davies*, 7 East, 5; *Jones* v. *Sinclair*, 2 N. H., 319; *Holly* v. *Huggeford*, 8 Pick. 73. In this State the same principle has been adopted in relation to a statute lien. *Pearsons* v. *Tinker*, 36 Maine, 384.

In the case of *Holly* v. *Huggeford*, just cited, it was argued in defence, that the lien of the factor *so destroyed* the right of possession in the general owner, that he could not maintain an action of trespass against an officer who had attached the goods as the property of the factor, but the Court decided that such a position was untenable; and PARKER, C. J., says, that "the lien of a factor does not dispossess the owner until the right is exerted by the factor. It is a privilege which he may avail himself of, or not, as he pleases. It continues only while the factor himself has the possession; and, therefore, if he pledges the goods for his own debt, or suffers them to be attached, or otherwise parts with them voluntarily, the lien is lost, and the owner may trace and recover them, *or he may sue in trespass if they are forcibly taken;* for his constructive possession continued notwithstanding the lien."

No reason is apparent why the same consequences should not attach to the lien of a common carrier as to that of a factor. In both cases the nature of the lien is the same. Both are common law liens; and such a lien has very properly been defined to be the right of detaining the property, on which it operates, until the claims which are the basis of the lien, are satisfied. *Hammond* v. *Barclay*, 2 East, 235; *Oakes* v. *Moore & al.* 24 Maine, 214. The object of these liens being the same, their effect must be the same. *Ubi eadem ratio ibi idem*

*jus.* The lien, therefore, of a common carrier, does not deprive the owner of the goods of his right to immediate possession, as against a tort feasor. The Judge presiding at the trial, therefore, erred in instructing the jury, that if they were satisfied that the carrier had a lien for the freight, which had not been paid or waived, the plaintiff could not recover.

*Exceptions sustained and new trial granted.*

TENNEY, C. J., and HATHAWAY, APPLETON and GOODENOW, J. J., concurred.