[No. 5299.]

## CHARLES E. GREEN v. JOHN H. CAMPBELL.

SHIPMENT BY FACTOR—LIEN OF MASTER OF VESSEL ON PROPERTY SHIPPED FOR CHARGES AND FREIGHTS.—In an action of claim and delivery, brought by the actual owner of the property claimed, against the master of a vessel, who had no knowledge or notice of any other owner of said property than the factor or merchant, who, having ostensible authority to make, did make the shipment thereof, in the usual course of business, as his own, the recovery will be subject to the terms of such shipment.

IDEM.—In such case, the master of the vessel has a lien upon the property in his possession, for proper charges and freights.

RULINGS EQUIVALENT IN EFFECT.—That a good special defense, held to be bad on demurrer, might have been proved under the general issue, will not be considered as a correction of the erroneous ruling, when it appears from the record that material evidence in support of such defense was excluded upon objection made and sustained at the trial.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

The action is to recover possession of certain wheat alleged to belong to plaintiff, and wrongfully and unlawfully withheld by defendant.    Defendant appeals.

The following are the principal facts of the case:

Prior to the 16th day of October, 1874, the plaintiff forwarded from Yolo County certain wheat consigned to E. E. Morgan's Sons, shipping and commission merchants, doing business at San Francisco, to be forwarded to a European port by said E. E. Morgan's Sons, and there sold by them for account of respondent. At some time previous to the date of the consignment the plaintiff had chartered a ship from Morgan's Sons, and the wheat referred to was sent to the latter for shipment in said vessel. Morgan's Sons had, in the year 1872–73, been largely engaged in buying and selling wheat on their own account, and shipping the same to Europe, and during 1873–74 had been and were engaged in chartering vessels and forwarding wheat to European ports.

Instead of placing plaintiff's wheat on board the vessel chartered by him, Morgan's Sons shipped it in their own name, and in the usual course of their business, on board of the defendant's vessel, the *Charles Murdoch*, then under charter to that firm, to be by said vessel transported to a European port in accordance with the terms of a charter party executed between the owners of the ship and E. E. Morgan's Sons. On the 19th of October, E. E. Morgan's Sons became insolvent, and ceased to do business. They broke the covenants of the charter party by detaining the vessel after her lay days had expired, and refusing to proceed with the loading thereof.

The plaintiff thereupon claimed delivery of his wheat from the defendant. NO TENDER OF FREIGHT OR CHARGES WAS MADE. Defendant refused to deliver it, and it was thereupon seized by action of claim and delivery, and delivered to plaintiff.

Defendant had no notice or knowledge of the ownership of the goods, or of the violation of instructions by Morgan's Sons with regard to the means of shipment. *He claimed to hold the same under his contract of charter party, for his freight and charges*, and was ready to carry it forward in accordance therewith.

The Court sustained a demurrer to the appellant's answer, which set up his claim under the charter party; and in the trial of the cause refused to hear evidence of any kind with respect to said claim on the wheat for freight or charges.

The questions raised by demurrer and on the trial were essentially the same, excepting that plaintiff on the trial proved that the wheat was forwarded to E. E. Morgan's Sons for shipment by a particular vessel, the *Pride of the Port*.

The defendant urges that the Court erred in sustaining the demurrer to the amended answer, and erred in excluding the testimony offered by him on the trial.

*Andross & Page*, Appellant's counsel, argued that, under the circumstances disclosed by this case, the principal was bound by his factors' act as well by the common as the statute law.

*a.* E. E. Morgan's Sons were general agents. (1 Parsons on Contracts, 95; Story on Agency, secs. 110, 131; 2 Kent, *621; Dunlap's Payley's Agency, 241; *Wright* v. *Solomon*, 19 Cal. *76.)

*b.* Factors for shipment have authority to bind the principal to payment of the freight. (Story on Agency, sec. 110; Molloy, De Jure, Bk. III, ch. viii, sec. 9.)

*c.* Factors, for many if not for most purposes, are treated as the owners of the goods. (Story on Agency, sec. 111; Molloy, *ubi. sup.* sec. 2.)

II.   *a.* "The lawful possession of goods being once acquired for the purpose of carriage, the carrier is not obliged to restore them to the owner again, even if the carriage be dispensed with, unless upon his being paid his due remuneration, for by the delivery he has already incurred certain risks." The carrier has a lien thereon. (Story on Bailments, sec. 585; Angell on Carriers, sec. 368; Abbot on Shipping, *595; *Tindal* v. *Taylor*, 4 El. & B. 219; *Bark Edwin*, 1 Sprague, 481; *Bark Edwin* v. *Naumkeag Cot. Co.* 1 Cliff. 322.)

*McKune & Welty*, for Respondent.

I. The plaintiff was a stranger to the charter party, and his property cannot be taken, held, or pledged to satisfy appellant's claims against E. E. Morgan's Sons. (*Wright* v. *Solomon*, 19 Cal. 76.)

II. Plaintiff did not put his wheat on board the *Charles Murdock*. E. E. Morgan's Sons wrongfully and unlawfully di-

verted it from the *Pride of the Port*, of which plaintiff held a charter; and appellant had and has no claim against respondent for anything.

III.   E. E. Morgan's Sons wrongfully put the wheat in question on board the *Charles Murdock;* and a wrongdoer cannot create a lien for freight. (*Robinson* v. *Baker*, 5 Cush. 137; *Stevens* v. *B.* & *W. R. R. Co.* 8 Gray, 262; *Ames* v. *Palmer*, 42 Me. 197; *Buskirk* v. *Purin*, 2 Hall, 561; *Saltus* v. *Everett*, 20 Wend. 267; *Fitch* v. *Newberry*, 1 Doug. Mich. 1.)

IV.   In cases like this, the rule *nemo plus juris in alium transferre potest quam ipse habet* prevails over the rule that of two parties he who trusts must pay. Plaintiff did not trust appellant, and did not trust E. E. Morgan's Sons to ship the wheat generally, but directed it to be sent in plaintiff's own ship. Appellant secured the possession without cost on his part. Respondent paid for the loading and unloading.

V.   The factor could not pawn the goods to pay his debt or liability. Can his creditor *in invitum*, upon the mere fact that he has got possession under circumstances which would create a lien if the goods belonged to the factor, accomplish what could not be done with the consent of the factor?

By the COURT:

The amended answer of Campbell, to which a demurrer was sustained, set up that the wheat "was shipped by E. E. Morgan's Sons, merchants and factors, as aforesaid, in their own name, and in the usual course of trade, without knowledge or notice on the part of this defendant of the alleged ownership thereof by said plaintiff, or the ownership thereof by any person or persons other than said E. E. Morgan's Sons."

The demurrer should have been overruled; for under the provisions of the Civil Code, (sec. 2369) Morgan's Sons, factors of the plaintiff, had *ostensible* authority to deal with the property as their own, "in transactions with persons not having notice of the actual ownership."

In this respect the case differs from that of *Green* v. *Meyer*, just decided.

Judgment reversed, and cause remanded for a new trial.

Subsequently, upon a petition for rehearing having been filed, the following opinion was rendered:

By the Court:

The judgment was reversed here, because a demurrer interposed to the special defense had been sustained by the Court below. The respondent, in the petition for a rehearing, now claims that this action of the Court below was not of any moment, because the matter set up in the special defense might have been proved under the general issue pleaded in the answer.

It is not worth while, however, to consider this proposition now, because, even if the view of the respondent be correct, it appears by the record that the defendant offered at the trial, under the general issue pleaded, to prove the several matters set up in the special defense, but the evidence was excluded upon objection of the respondent.

Rehearing denied.