William McFarlane, Appellant, v. J. F. Dick, Constable, W. J. Hervey, and A. M. Jones, Appellees.

Attachment: claim of ownership: notice. A notice of ownership
1 of attached property which does not show the source of claimant's title or the consideration paid is insufficient to form the basis of an action against the officer for wrongful levy of the attachment, no sufficient indemnifying bond having been given.

Indemnifying bond: sufficiency. A bond executed by an attaching

plaintiff after service of notice of claim of ownership, in the form of an ordinary attachment bond, and providing that the "defendant shall pay all damages that the said defendant may sustain for the wrongful suing out of the writ," or one which provides that the attaching plaintiff will pay all damages sustained by defendant by reason of the wrongful attachment, are not sufficient indemnifying bonds and afford no protection to the officer.

**Notice of ownership:** WAIVER OF NOTICE. By receiving a void indemnifying bond, after service of notice of claim of ownership to attached property, the officer does not waive the right to demand service of a sufficient notice of ownership; although a waiver might arise if he represented that he had received a proper bond and notice · was therefore not required.

*Appeal from Harrison District Court.*—Hon. A. B. Thornell, Judge.

Saturday, December 18, 1909.

The opinion states the material facts.—*Affirmed.*

*Pritchard & Newby,* for appellant.

*S. H. Cochran,* for appellees.

Weaver, J.—The defendant Dick is a constable of Harrison County, and his codefendants are sureties upon his official bond. The claim here sought to be enforced against said bond grows out of a transaction which may be stated, as follows: One McGookin owned a team which he sold to one Hower, taking a mortgage on the property to secure the agreed price. This mortgage McGookin assigned to plaintiff, and thereafter Hower, being unable to pay the debt McGookin, acting for the plaintiff, arranged with Hower to surrender the team to plaintiff and receive back the note and mortgage. For this purpose McGookin took or was about to take the team into his possession, but, before he had delivered it over to plaintiff, the defendant

Dick, acting as constable and having in his possession two writs of attachment issued by one Swain, a justice of the peace, at the suit of David Bradley & Co. and F. L. Bowie against McGookin, levied them on said team as the property of the latter. Thereupon plaintiff served upon Dick a written notice in the following form: "To J. B. Swain, Justice of the Peace, and John Dick, Constable, or Whom it May Concern: You are hereby notified that I am the owner and mortgagee of the following described property taken from H. E. McGookin under writ of attachment this day: One bay horse, white in face, named Mike, age 12 years, weight about 1250 pounds. One black mare named Kate, aged 11 years, weight 1150 pounds. Dated at Blencoe, Ia., this 25th day of October, 1905. Wm. McFarlane. State of Iowa, Monona County—ss: Subscribed and sworn before me this 25th day of October, 1905. B. H. Danforth, Notary Public. [Notarial Seal.]"

Following this notice David Bradley & Co. and F. L. Bowie, the attachment plaintiffs, each entered into a bond which from the extrinsic circumstances we may infer was supposed to answer the requirements of the statute (Code, section 3992) to indemnify the officer against damages which he might sustain by reason of the attachment. It would seem, however, that, without any very clear or intelligent idea of the meaning and purpose of the statute, these parties took blank forms of an ordinary attachment bond and filled them out as follows: The first by Bradley & Co., reciting that whereas said Bradley & Co. had sued out a writ of attachment, to be levied upon the goods and chattels of Henry McGookin: "Now if said Henry McGookin shall pay all damages that the said defendant may sustain by reason of the wrongful suing out of the writ of attachment then this bond to be void, otherwise to be and remain in full force and effect." In the other case, the bond given by Bowie was in the same form, save that the condition above quoted is made to read that, if "the

said F. L. Bowie shall pay all damages that the said defendant may sustain by reason of the wrongful suing out of the attachment," then the bond shall be void. The constable did not release the levy and the attachment cases proceeded to judgment, and the team was sold at constable's sale to satisfy the same. For the damages thus sustained, the plaintiff brought this action upon the constable's official bond, alleging the wrongful seizure of his property by the constable under an attachment against the property of McGookin, the service on said officer of a notice of ownership as required by law, the receipt by him of indemnifying bonds, and the subsequent sale and conversion of said property.

Answering this claim, the defendants admit the official character of Dick, and that he levied upon the team in controversy, but deny that it was the property of the plaintiff, and deny that plaintiff ever served upon him the notice of ownership which the statute makes a condition precedent to the maintenance of an action against an officer for a wrongful levy on an execution or attachment. On trial to a jury, the facts as hereinbefore stated were shown without substantial dispute. The plaintiff also introduced testimony tending to show that, after the service on the constable of the notice of ownership quoted above, another notice was prepared complying with the provisions of the statute, and that, upon offering or attempting to serve the same upon the constable, the latter refused to receive it, saying he had been served with one notice already, and had received satisfactory indemnifying bonds. The alleged second notice was not presented and offered in evidence, and the constable denied its service or attempted service upon him.

The court instructed the jury that the evidence showed without substantial dispute that plaintiff was the owner of the team at the time it was seized as the property of McGookin, and that he would be entitled to a verdict for its

value had he served the notice required by statute. A further instruction told the jury that the notice offered in evidence was insufficient to charge the constable with liability for the seizure of the property, and that the bonds taken by him were not indemnifying bonds as contemplated by statute, but that, notwithstanding the insufficiency of these instruments, yet if the jury found from the evidence that a second notice proper in form or substance was served upon the officer before the sale of the property, or if plaintiff sought to serve such notice, and said officer informed him it was unnecessary, and that he already had an indemnifying bond, and plaintiff, believing and relying upon such assurance, was led to refrain from serving such notice, he would be entitled to recover his damages to the same extent as if a proper notice had been served or a sufficient indemnity bond had been taken. The jury returned a verdict for defendants, and, from the judgment rendered thereon, plaintiff appeals.

We find no error in the record. The statute (Code, sections 3906, 3991) made it the duty of the constable to levy the writ upon any personal property pointed out to

1. Attachment: claim of ownership: notice.

him by the attachment plaintiff, and protected him against liability for damages arising from such levy until he received written notice from some third party claiming under oath to be the owner and stating the nature of his interest, from whom he acquired it and the consideration paid for it. Such notice, if given, entitled him to demand from the attachment plaintiffs an indemnifying bond, and for the purposes of this case we may concede that, had the constable received an indemnifying bond, he could not successfully defend against plaintiff's claim herein because of the insufficiency of the notice. It will be seen at a glance that the notice in evidence was not sufficient, in that it failed to show the source of plaintiff's title or the consideration paid for the property.

It is equally clear that neither of the bonds given to the constable is in any sense of the word an indemnifying bond, nor did either afford him any protection whatever, unless, as suggested by the trial court, it was equitably possible to have it reformed and made to show that such was the real intention of the parties thereto.

**2. INDEMNIFYING BOND: sufficiency.**

It follows of necessity that the notice not being such as would justify the constable in releasing the levy, the appellant could maintain no action against him unless such officer by his own act in preventing the service of a proper notice or by demanding and receiving an indemnifying bond from the attachment plaintiffs had waived such service. That he did receive a paper supposing it to be an indemnifying bond, but which was in fact void and of no effect for that purpose, would not of itself be a waiver of his right to demand the statutory notice, though such waiver might arise if he represented to the appellant that he had received a proper bond, and notice was therefore not required. As we have already seen, the court instructed the jury that, if these facts had been established by the evidence, appellant was entitled to recover. This direction was as favorable as could properly have been given under the record, and offers no ground for the assignment of reversible error. This is not a case where an indemnifying bond has been admittedly received thereby waiving the necessity of the statutory notice, and is therefor not governed by the rule applied in *Mitchell v. McLeod,* 127 Iowa, 733, and other precedents of that class cited by plaintiff; nor does it come within the rule of *Garretson v. Reeder,* 23 Iowa, 21, which was an action upon a delivery bond where the surety sought to escape liability because of a technical informality in the instrument. The case at bar turns upon the fact questions submitted by the trial court

**3. NOTICE OF OWNERSHIP: waiver of notice.**

to the jury, and, these having been found in favor of the defendants, we can not disturb the verdict.

The judgment of the district court is *affirmed*.