L. C. COVERDELL and E. B. Bratt, Respondents, v. CARL ERICKSON, Sheriff of Williams County, North Dakota, Appellant.

(168 N. W. 367.)

**Property — third-party claim to — allegation of ownership — sufficient — person from whom bought — consideration paid — neither need be alleged.**

1. A third-party claim which is filed under the provisions of § 7550 of the Compiled Laws 1913 is sufficient in regard to its allegation of ownership, which states that at all times, including the time of seizure, the property was and still is the property of the claimers, and that the ground of their right and title to the possession of the said property is that said parties purchased the same with their own money and paid for the same themselves; nor can it be defeated merely because it states the value of the property is $900 and the proof shows it to be $778.74. It is not necessary, under the provisions of § 7550, to state from whom the property was acquired or the consideration paid therefor.

**Factor — lien of — personal privilege — not transferable — creditor of factor — cannot assert lien in favor of factor.**

2. The lien of a factor is generally considered a personal privilege, and is not transferable; and, if the factor refuses to assert the same, a creditor of the factor cannot assert it for him.

Goods — consigned to factor — for sale — bailment for sale — title remains in consignor — factor has mere personal lien.

    3. Ordinarily when goods are consigned to a factor for sale this constitutes a bailment for sale, and not a sale to the consignee, and the title remains with the consignor until the goods are sold to a bona fide purchaser for value. The goods do not become the property of the factor or liable for his debts.

Opinion filed May 24, 1918.

Action of conversion against the sheriff.

Appeal from the District Court of Williams County, Honorable *Frank E. Fisk,* Judge.

· Judgment for plaintiffs. Defendant appeals.

Affirmed.

*John J. Murphy* and *Ivan V. Metzger,* for appellants.

The right to the possession of the property upon which levy was made, was in Haynes, who made the affidavit of claim by third party, as plaintiff's agent. His relation to plaintiff was that of factor. Comp. Laws 1913, §§ .6145, 6369, 6371, 6867; 8 L.R.A.(N.S.) 474; Turner v. Crumpton, 24·.N. D. 294; 9 C. J. 510; 19 Cyc..116; Rosenbaum v. Hayes, 5 N. D. 476; Rosenbaum v. Haynes, 8 N. D. 461.

The goods were placed with Haynes for sale. A bailment for sale was thus created and Haynes had a lien on such goods. Comp. Laws 1913, § 7550.

The third-party claim is defective in that it is made by the factor, and the affidavit shows that he makes no personal claim to the property, and also shows that he had no interest in the property and that plaintiffs were the absolute owners and entitled to the possession of same. The value of property was incorrectly stated, and there is no showing from whom they received the property, nor the consideration paid. . McFarlane v. Dick (Iowa) 123 N. W. 1005; Childs v. Ross (Iowa) 127 N. W. 1020; Shaw v. Tyrell (Iowa) 105 N. W. 1006; Gray v. Parker, 5 N. W. 697.

In attachment suits where defendant is in possession of the property sought to be impressed with levy, a third-party claim to such property must be made in full compliance with the requirements of the statute. Aber v. Twitchell, 17 N. D. 229; Probstfield v. Hunt, 17 N. D. 572.

And it is incumbent on plaintiff to allege and prove full compliance with the statute. Shaw v. Tyrell (Iowa) 105 N. W..1006; Gray v.

Parker, supra; Donnelly v. Mitchell (Iowa) 93 N. W. 369 (Iowa) 87 N. W. 672.

*William G. Owens* and *Thomas M. Cooney,* for respondents.

Where a third-party claim to property seized by the sheriff is amply clear and plain in its allegations as to the claim of right to said property by the third person, to fully inform and apprise the sheriff and others interested of claimant's right, it is sufficient and is a compliance with the statute, even though irregular as to form.

If the substance of the allegations amounts to a claim of ownership or immediate right of possession, that is sufficient. Aber v. Twitchell, 17 N. D. 229.

It is entirely a question of the intention of plaintiffs as to whether or not Haynes was a factor. There were no advances made on the price of the property.

"Where there are no advances made on the strength of the bill of lading, the question is one of intention on the part of the owner of the property at the time of making the shipment." Rosenbaum Bros. & Co. v. Hayes, 5 N. D. 476, 479.

Haynes had not the possession of the goods. He had no factor's lien, because such lien is a personal one dependent upon possession. Rosenbaum Bros. & Co. v. Hayes, 5 N. D. 476, 8 N. D. 461.

BRUCE, Ch. J. This is an action against the sheriff, alleging a conversion of a carload of potatoes belonging to the plaintiff by reason of an attachment in a case in which W. J. Kelly was plaintiff and T. B. Haynes the defendant. The potatoes were sold as perishable matter under a stipulation of the parties to the attachment. Before the sale, however, a third-party claim was served on the sheriff by T. B. Haynes, but as agent for the plaintiffs, Coverdell and Bratt. The material part of the third-party claim was as follows:

Affiant further says that the said property so seized was not at the time of such seizure the property of said T. B. Haynes, nor has it ever been the property of such defendant, but was at all times, including the time of such seizure, and still is, the property of the aforesaid L. Coverdell and Bratt; and that the ground of said Coverdell and Bratt's title and right to possession of said property is that said parties purchased said

potatoes with their own money, paid for the same themselves, and sold the same, through affiant as their agent, to the Williston Grocery Company of Williston, North Dakota, and that the proceeds of the same was to be remitted to said parties at Kalispel, Montana. That, as aforesaid, this affiant never had and has never acquired any interest in said property with or from said parties in any manner, name, or nature.

Affiant further says that the value of said property is $900, and that he makes this affidavit for the purpose of obtaining possession of said property from the said sheriff.

Wherefore, affiant demands that the said sheriff surrender to this affiant, as the agent of said parties hereinbefore referred to, the said personal property so attached and held by him.

T. B. Haynes.

The statute under which the claim was filed is as follows:  Comp. Laws 1913, § 7550.  "If any property levied upon by the sheriff by virtue of a warrant of attachment is claimed by any other person than the defendant, and such person, his agent, or attorney, makes affidavit of his title thereto or right to the possession thereof, stating the value thereof and the ground of such title or right, the sheriff may release such levy, unless the plaintiff on demand indemnifies the sheriff against such claim by an undertaking executed by a sufficient surety; and no claim to such property by any other person than the defendant shall be valid against the sheriff, unless so made; and notwithstanding such claim, when so made he may retain such property under levy a reasonable time to demand such indemnity."

Prior to the shipment from Kalispell, Montana, the plaintiffs and Haynes, by name, T. B. Haynes and others, procured a bill of lading from Great Nothern Railway Company consigning the goods to the order of T. B. Haynes and others at Williston, North Dakota.  This bill of lading was indorsed, "Pay to the Williston Grocery Co.," and the indorsement was signed, "T. B. Haynes, L. C. Coverdell, and E. B. Bratt." Accompanying this bill of lading was a draft for $580.75 drawn by T. B. Haynes as drawer on the Williston Grocery Company as drawee, and payable to the Conrad National Bank at Kalispell, Montana.  This draft and bill of lading were forwarded from the Conrad National Bank to the First National Bank of Williston.

It is also clearly shown by the evidence that it was the intention of the parties to ship the potatoes to the Williston Grocery Company, and that the proceeds were to be remitted to the Conrad National Bank, but that if the Williston Grocery Company refused to take the potatoes, then Haynes was to dispose of them, and it was for this purpose that he was named in the bill of lading.

The trial court found the issues for the plaintiffs and rendered judgment in their favor for the sum of $618.68, debt and interest, $298, special damages, and $74.50, costs, a total judgment of $989.18. From this judgment this appeal has been taken, a motion for a new trial or for a judgment notwithstanding the verdict having first been made and overruled.

The points on which appellant demands a new trial are: (1) Insufficiency of the third-party claim; (2) an attachable interest of Haynes in the property of the plaintiff by virtue of a factor's lien.

It is claimed that in the affidavit for the third-party claim Haynes swore that he had no interest in the attached property, while as a matter of fact he had a factor's lien thereon, and also that in this exhibit the value of the potatoes is sworn to, as being $900, while the evidence, or rather the stipulation, showed that the weight of the potatoes was 44,560 pounds, that the value at Williston was $1.05 per bushel, and that, therefore, the value of the car was $779.80. It is claimed that a third-party claim must be substantially true, and that this was not the case with the affidavit in question.

We do not, however, believe that there was any material irregularity in the claim. It certainly sufficiently described the property, and the difference between $778.74 and $900 was not material. It was, at any rate, a matter of proof, and one who files a third-party claim certainly cannot be denied relief merely because he does not establish that the value of his property was exactly as claimed in his affidavit.

As far as ownership and right of possession is concerned, the affidavit sufficiently complies with the statute. It states that the property "at all times, including the time of seizure, was and still is the property of aforesaid L. Coverdell and Bratt, and that the ground of the said Coverdell and Bratt's title and right to the possession of said property is, that said parties purchased said potatoes with their own money and paid for the same themselves."

It is true a number of cases are cited by counsel for appellant, and among them the case of McFarlane v. Dick, 145 Iowa, 89, 123 N. W. 1005, which may appear to hold in his favor. It is to be noted, however, that §§ 3906–3991 of the Iowa Code are materially different from our own. These statutes require the owner not only to state the nature of his claim, but *from whom* he acquired the property and the *consideration* he paid therefor. This is not true of § 7550 of the Compiled Laws 1913, of the state of North Dakota. All that this statute requires is "the value thereof and the ground of such title or right."

It is next maintained that the said T. B. Haynes had an interest in and a possession of the property as a factor, and as such an attachable interest. This contention, however, is not borne out by the evidence. The potatoes, it is true, were consigned to the order of T. B. Haynes and others, and the consignees were named as T. B. Haynes and others, and the draft on the Williston Grocery Company was assigned by the said T. B. Haynes alone.

There is no proof, however, that the said T. B. Haynes at any time made any advances on the consignment, or at any time had the right or interest of a factor therein, or was ever intended to have the right of a factor, unless the Williston Grocery Company refused to accept the same. The agreement was merely that the said T. B. Haynes should act as an agent; that the proceeds of the sale from the carload of potatoes, or rather of the draft, should be transmitted to the Conrad National Bank at Kalispell, Montana, and that the plaintiff should pay to the said Haynes all that they brought over and above $1.07½ a hundred pounds. The evidence discloses that the bill of lading was indorsed to the Williston Grocery Company by T. B. Haynes, L. C. Coverdell, and E. B. Bratt, and transmitted to the bank at Williston. The said Haynes, indeed, seems to have had no interest in the shipment, nor was he intended to have such, unless it should happen that the Williston Company should not accept them, when it was agreed that he should take steps for their disposition, and in which event a reassignment or indorsement of the bill of lading would have been necessary. He had made no advances upon the property, and it is well established that "where . . . the advances were not made on the strength of the bill of lading, the question is one of intention on the part of the owner of the property at the

time of making the shipment." Rosenbaum Bros. & Co. v. Hayes, 5 N. D. 476, 477, 67 N. W. 951.

It is also well established that the lien of a factor is generally considered to be a personal privilege, and not transferable, that no question upon it can arise, except between the principal and the factor, and that if the factor refuses to assert it, no one can assert it for him. It "does not dispossess the owner until the right is exerted by the factor. It is a privilege which he [the factor] may avail himself of or not as he pleases. It continues only while the factor himself has the possession." Holly v. Huggeford, 8 Pick. 73, 19 Am. Dec. 303; Ames v. Palmer, 42 Me. 197, 66 Am. Dec. 271; 11 R. C. L. 774, 775. "Ordinarily when goods are consigned to a factor for sale, this constitutes a bailment for sale, and not a sale to the consignee, and the title remains with the consignor until the goods are sold to a bona fide purchaser for value. The goods do not become the property of the factor, or liable for his debts, though consigned on a *del credere* commission, and, if sold on execution to pay the debts of the factor, the purchaser gets no title as against the consignor. The factor has only a special or qualified property in the goods consigned to him, sufficient to enable him to carry out the purposes of the consignment and to protect the interest of the principle as against third persons." 11 R. C. L. 757.

The judgment of the District Court is affirmed.