No. 25,474.

F. F. SWINSON, *Appellee,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

COMMON CARRIER—*Goods Shipped by One Other Than the Owner and Without His Consent—Carrier Acquires No Lien on Goods for Freight Charges.* A railway company which receives property for shipment from one who is not an owner and who tortiously delivers the property to the company for shipment without the consent of the owner, acquires no lien for the transporation and no right to retain the property from the owner, although the company acted in good faith in receiving and in carrying the property.

Appeal from Pratt district court; GEORGE L. HAY, judge. Opinion filed December 6, 1924. Affirmed.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* all of Topeka, and *William Barrett,* of Pratt, for the appellant.
*R. F. Crick,* and *L. G. Turner,* both of Pratt, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by F. F. Swinson to recover an automobile from the Atchison, Topeka & Santa Fe Railway Company, in which the plaintiff prevailed, and on this appeal the company is contending that the judgment is erroneous.

It appears that on March 20, 1919, P. G. Parker, of Pratt county, was the owner of the automobile, and on that date executed a mortgage thereon to F. F. Swinson to secure an indebtedness to him of $300, and upon the same day the mortgage was duly filed for record. It contained the ordinary stipulation giving the mortgagee the right to take and sell the property for defaults or breaches of the condition written in the mortgage. Without the permission or knowledge of Swinson, Parker removed the car from Pratt, Kan., to Springer, N. M., and left it at a garage operated by one Stubblefield. When Swinson learned of the removal he ordered Parker to hold the car

in New Mexico until he could send a man there to drive it back to Pratt. Without any orders from Swinson to do so Stubblefield delivered the car to the railway company at Springer and caused it to be billed through to Swinson at Pratt, Kan. It was transported to Pratt, and the freight charges thereon were $205.85, which were the legal and usual rates. The railway company notified plaintiff of the arrival of the shipment, whereupon he demanded possession of the car, but the company refused to yield possession until the freight and charges were paid. The railway company accepted the shipment from Stubblefield without knowledge of the chattel mortgage and without notice or knowledge that Stubblefield had no authority to ship the car. The return of the car was of some benefit to the plaintiff. On the default of the mortgagor which is not contested the plaintiff was entitled to the possession of the car, and in that respect had the rights of an owner. Ordinarily a carrier acquires a lien on property delivered to it for transportation and is entitled to hold the property until the charges for carriage are paid. However, if the property is delivered by one who has no authority or right to consign or ship it, the carrier acquires no lien which it can assert against the owner and no right to retain the property as against his demand. (*Railway Co. v. Jordon,* 67 Kan. 86, 72 Pac. 533.) It is fundamental that an owner cannot be deprived of his property without his consent and cannot be divested of his right to possession by the fact that the carrier to which it was wrongfully delivered was innocent of the wrong. The carrier like any other party takes the hazard that the shipper may have gained possession of the property through theft or from one who had no authority to deliver or ship it, and must surrender possession to the owner upon demand, although it may have acted in the best of faith in the acceptance and transportation of the property. The carrier cannot through the giving of a bill of lading or a shipment made by one who stole the goods or otherwise tortiously shipped them, obtain a right superior to that of the owner. (*Robinson v. Baker,* 5 Cush. 137; *Fitch v. Newberry,* 1 Douglass 1.) The rule applicable to a shipment of goods by a wrongdoer without the authority or consent of the owner has been stated as follows:

"The universal and fundamental principle of the law of personal property is that no man can be divested of his property without his own consent; and that even an honest purchaser under a defective title cannot hold against the true proprietor. A carrier, therefore, acquires no right by virtue of his em-

Swinson v. Railway Co.

ployment as such to hold goods delivered to him by a wrongdoer, to whom they do not belong, until his charges are paid, against the claim of the owner, and so he has no lien on them for the transportation charges, irrespective of the question whether the carrier acted in good faith and was not in fault. Nor can this be said to be a harsh rule as applied to common carriers, since the carrier has the right to demand of the consignor the transportation charges in advance." (4 R. C. L. 870; see, also, note in *Hill v. Denver & Rio Grande R. Co.,* 4 L. R. A. 376; *Engine & Boiler Co. v. Railroad Co.,* 95 Miss. 817; *Pingree v. Detroit, Lansing & N. R. R. Co.,* 66 Mich. 143; *Bassett v. Spofford,* 45 N. Y. 387; *Savannah, Florida & W. R. Co., v. Talbot,* 123 Ga. 378.)

The rule may seem to have a harsh application to a carrier in depriving it of a lien for services rendered in a shipment which it accepted and transported without notice of the wrong of the shipper. It however may avail itself of the privilege of insisting on the prepayment of freight charges before the performance of the service. It would be a harsher rule if the proprietor of property stolen or wrongfully obtained from him and shipped long distances at great expense should be denied possession of his property whenever he came up with it, or that to gain possession of the property thus wrongfully taken from him he should be required to pay a freight charge which in some instances would almost or quite equal its value. While the defendant did not have actual notice of the mortgage it did have constructive notice of the plaintiff's rights under the mortgage, as it had been duly placed on record. However, whether or not it had any notice of the mortgage, it could not acquire a lien for transporting the car at the instance of one who had no right to ship it nor to detain it from the owner who had not given either express or implied consent to the shipment.

Nothing is found in the record to warrant an inference that plaintiff had waived his right to reclaim the car without the payment of the freight charge.

The judgment is affirmed.