Nathaniel Sorkin, J.
Defendant moves for summary judgment. Plaintiff requests summary judgment.
Plaintiff is in the auto leasing business. On August 10, 1964 plaintiff leased an automobile to one Pena, who in violation of the terms of his lease, removed the vehicle to California, where he engaged defendant to ship the automobile “ freight collect ” back to plaintiff. Upon arrival of the vehicle, plaintiff refused defendant’s demand for freight charges of $501.52, claiming that the vehicle had been stolen. When defendant refused to relinquish the vehicle, plaintiff brought on a writ of replevin and instituted this action.
A carrier’s lien for unpaid freight charges does not extend to goods delivered to it by a wrongdoer, to whom they do not belong, without the owner’s consent, regardless of the question whether the carrier acted in good faith and was not at fault (see 13 Am. Jur. 2d, Carriers, § 499, p. 963).
The facts of this case are similar to the facts in Swinson v. Atchison, Topeka & Santa Fe Ry. Co. (117 Kan. 258). In the Swinson case the court held that an owner cannot be deprived of his property without his consent and cannot be divested of his right to possession, by the fact that the carrier to which it was wrongfully delivered was innocent of the wrong. The carrier, like any other party, takes the risk that the shipper may *289 have taken possession of property through theft or from one who has no authority to deliver or ship it and must surrender possession to the owner on demand, although it may have acted in good faith in the acceptance and transportation of the property. The carrier cannot, through the giving of a bill of lading or a shipment made by one who stole the goods or otherwise tortiously shipped them, obtain a right superior to that of the owner (see, also, Hudson Motor Car Co. v. Erie R. R. Co., 109 N. J. L. 431; Savannah, Florida & Western Ry. Co. v. Talbot, 123 Gra. 378; Gilson v. Gwinn, 107 Mass. 126; cf. Bassett v. Spofford, 45 N. Y. 387; Saltus v. Everett, 20 Wend. 267; Van Buskirk v. Purinton, 2 Hall 561; Collman v. Collins, 2 Hall 569).
In Brown Transp. Corp. v. United Merchants & Mfrs. (21 A D 2d 303) the court held that where the owner made no agreements with any carrier, delivered none of the machinery and exercised no control over the shipment, there was no contractual relation between the carrier and the owner; and therefore, section 323 of the Interstate Commerce Act (U. S. Code, tit. 49, § 323) does not impose liability on the owner. This rule must be applied to this case now before the court.
The cases cited by defendant are clearly distinguishable since in those cases, the consignee accepted the goods. The plaintiff herein did not accept its automobile from the defendant subject to the freight charge. Furthermore, in defendant’s cited cases, the goods had not been converted. In the case now before the court, it is clear that this car was converted.
The counterclaim for freight charges is without merit.
Accordingly, plaintiff’s request for summary judgment is granted and plaintiff is awarded possession of the car in issue, the counterclaim is dismissed, and judgment shall be entered accordingly.
Defendant’s motion is denied.